**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
VENKAREDDY CHENNAREDDY,        )
et al.,                        )
              Plaintiffs,      )
                              )
         v.                    )  Civ. Action No. 87-3538(EGS)
                              )
GENE DODARO Acting             )
Comptroller General,           )
                              )
              Defendant.       )
_____)
```

<u>**MEMORANDUM OPINION**</u>

Pending before the Court[1] is defendant's renewed Motion for a More Definite Statement or, in the alternative, to Dismiss or Strike plaintiffs' sixth amended complaint. Also pending before the Court is plaintiffs' Cross-Motion for Reconsideration of the Court's denial of certain of plaintiffs' discovery requests. Upon consideration of the motions, the responses and replies thereto, the applicable law, the entire record in this case, and for the following reasons, the Court will **GRANT** the defendant's motion to strike plaintiffs' complaint and dismiss this action with prejudice. The Court will **DENY** plaintiffs' motion to reconsider the denial of their requests for discovery.

---

[1]   This case was randomly reassigned to this Court in November 2007 upon the death of the Honorable John G. Penn. Unless otherwise noted, this Memorandum Opinion will not distinguish between actions taken by Judge Penn and this Court.

I.    **BACKGROUND**

This case was originally filed in December 1987 by then-GAO-employee Venkareddy Chennareddy ("Chennareddy") as a general class complainant, and several other named and unnamed GAO employees, who sought to represent a class of GAO employees who had been allegedly discriminated against in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*[2]

During the initial stages of this case, the parties engaged in class discovery and plaintiffs unsuccessfully sought to certify the case as a class action pursuant to Federal Rule of Civil Procedure 23.  *See* Mar. 20, 1995 Class Certification Order ("Class Cert. Order"), Docket No. 202.  The Court found that plaintiffs had met the "numerosity" requirement of Federal Rule of Civil Procedure 23(a), *id.* at 3-4, but that plaintiffs had not established commonality or typicality, *id.* at 4-9.  The Court also found that plaintiffs had failed to allege that the purported discrimination "manifested itself in a particular employment *practice* leveled against all members of the proposed class."  *Id.* at 4 (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 159 n.15 (1982) ("Title VII prohibits discriminatory

---

[2]    The long and complicated history of this case has been discussed fully in several prior decisions of the Court.  *See, e.g.*, Docket Nos. 433, 461.  Therefore, the background of this case will be discussed herein only to the extent it is relevant to the pending motions.

employment *practices*, not an abstract policy of
discrimination."")); *see also* Class Cert. Order at 7
("[P]laintiffs provide no basis for concluding that 1,500
employees suffer from a common discriminatory practice.").
Plaintiffs' motion to alter the class-certification judgment was
denied on March 31, 1999.

### A. Fourth and Fifth Amended Complaints

After the case was randomly reassigned to this Court in
2007, the Court granted plaintiffs leave to file a fourth
amended complaint.[3]  Along with the fourth amended complaint,
plaintiffs filed a motion to intervene on behalf of several
other putative parties, and motion for discovery prior to the
ruling on the motion to intervene.  The motion to intervene was
referred to Magistrate Judge Deborah A. Robinson, who denied
both plaintiffs' request for discovery prior to a ruling on the
motion to intervene, *see* June 24, 2008 Minute Order, and the
motion to intervene itself, *see* July 22, 2008 Minute Order.
Plaintiffs appealed Magistrate Judge Robinson's denial of

---

[3]    Plaintiffs filed a second amended complaint on August 20,
1992 and it was in connection with that complaint that
plaintiffs were denied class certification in 1995.  *See* Class
Cert. Order at 1.  Plaintiffs' subsequent motion for leave to
file a third amended complaint was replaced by plaintiffs'
motion for leave to file a fourth amended complaint, which was
pending when the case was reassigned to this Court in 2007.  The
Court granted the plaintiffs leave to file a fourth amended
complaint.  *See* Minute Order, Dec. 10, 2007.  As a result, no
third amended complaint was ever filed in this case.

discovery, citing their need for evidence of discrimination that purportedly existed in the GAO's computer database in order to support the claims of the proposed intervenors.  Docket No. 384. The Court affirmed Magistrate Judge Robinson's ruling on discovery on July 16, 2008, and affirmed Judge Robinson's ruling on the motion to intervene on December 17, 2008.

Defendant then moved for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) with respect to the fourth amended complaint, or in the alternative, to dismiss, arguing that the complaint failed to comply with Federal Rules of Civil Procedure 8 and 10.  Docket No. 390.  On February 4, 2009, Magistrate Judge Robinson granted defendant's motion for a more definite statement, ordering plaintiffs to "file an amended complaint which conforms to the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure . . . by no later than March 18, 2009." *See* Docket No. 412.[4]  Plaintiffs appealed Magistrate Judge Robinson's order, asserting that no "short and plain" statement could be filed unless the plaintiffs were permitted discovery of the GAO's electronic databases.  Docket No. 415, at 4.

The Court again affirmed Magistrate Judge Robinson's ruling, finding that the fourth amended complaint did not meet

---

[4]    Magistrate Judge Robinson also denied without prejudice defendant's partial motion to dismiss and denied plaintiffs' motion to compel discovery.

the requirements of Federal Rules of Civil Procedure 8 and 10 because it failed "to identify (1) any relevant characteristics of the named plaintiffs (i.e., age, race, or gender); (2) the types of discrimination allegedly suffered by the named plaintiffs (i.e., discrimination based on age, race, national origin, gender, or some combination); (3) the alleged events that form the basis of their claims; or (4) when such events occurred." Dec. 18, 2009 Opinion ("Dec. 18, 2009 Op."), Docket No. 433, at 33.  The Court ordered plaintiffs to submit forthwith a complaint that "(1) includes separately numbered *paragraphs* (as opposed to *headings*); and (2) at a minimum, clearly identifies each of the named plaintiffs, including their individual claims against the GAO and the factual basis for those claims." *Id*. at 33-34.[5]

---

[5]    The Court vacated the portion of Magistrate Judge Robinson's order that the Court interpreted as effectively barring plaintiffs from pursuing class claims for the remainder of the litigation.  Dec. 18, 2009 Op. at 35.  Noting that it appeared that plaintiffs' previous motions for reconsideration of the 1995 denial of class certification had not been considered on the merits by Judge Penn, the Court concluded that it would provide plaintiffs with one final opportunity to pursue class certification.  *Id*.  Plaintiffs would be permitted to show cause why the previous ruling denying class certification was in error and why such error mandates that plaintiffs be given a renewed opportunity to litigate the issue.  *Id*. at 36.  The Court made clear, however, that the briefing could proceed "only *after* plaintiffs file a complaint that comports with the Federal Rules of Civil Procedure." *Id*.  As explained more fully herein, the Court finds that plaintiffs have not successfully filed a complaint that comports with the Federal Rules.  Accordingly,

The Court rejected plaintiffs' contention that they could not—or should not be required to—submit a more definite statement until they have been given access to the GAO's electronic personnel files, stating that such an approach would permit plaintiffs to "bypass the pleading stage of litigation entirely." *Id*. at 33.  The Court found that "there is simply no support in the record for plaintiffs' contention that any information was wrongfully withheld from them." *Id*. at 34.  The Court further explained that "plaintiffs are simply not entitled to discovery on the merits of their claims *until they have properly pled such claims*." *Id*.  The Court explained that "[b]y focusing so extensively on the purported 'database' and the agency's allegedly wrongful withholding thereof, plaintiffs have lost sight of the pleading standards set forth in Rule 8, [and] the role of Rule 12 in permitting a defendant to test the legal sufficiency of a plaintiff's complaint." *Id*. at 31.

Plaintiffs moved for interlocutory appeal and for reconsideration of the Court's December 18, 2009 Order denying discovery of electronic data.  The Court denied both motions, finding that plaintiffs "simply reiterated their position that they are entitled to discovery and expressed continuing disagreement with this Court's Orders regarding discovery and

the Court does not reach any issues related to the reconsideration of the denial of class certification.

pleading standards."  Jul. 22, 2010 Opinion ("Jul. 22, 2010

Op."), Docket No. 461, at 7.

On February 1, 2010, plaintiffs filed a fifth amended

complaint, purportedly in response to the Court's December 18,

2009 Order for a more definite statement.  The fifth amended

complaint improved little upon the fourth amended complaint.

The complaint failed to highlight the particular claims of any

specific plaintiff and it attached voluminous exhibits,

including 188 pages of interrogatory answers provided by the

plaintiffs to the defendant in 1993.  Defendant filed a renewed

motion for a more definite statement and motion to dismiss or

strike on March 30, 2010, arguing that the fifth amended

complaint still did not meet the standard set forth in Federal

Rule of Civil Procedure 8(a).  Docket No. 445.  The Court

agreed, finding that plaintiffs had again failed to meet the

pleading requirements of Federal Rule of Civil Procedure 8(a),

and granted the motion for a more definite statement, ordering

that,

> Upon consideration of defendant's motion for a more
> definite statement, and the response and reply
> thereto, and substantially for the reasons articulated
> by defendants, the motion is GRANTED.  By no later
> than March 31, 2011, plaintiffs shall file a sixth
> amended complaint in which each plaintiff shall
> specify the claim(s) of discrimination of each
> plaintiff.  The sixth amended complaint shall contain
> at least the following information: the event(s) that
> form the basis of each plaintiff's claim(s) of

7

discrimination; and the date on which each identified
event occurred.

Feb. 17, 2011 Minute Order.

Rather than complying with the Court's second order for a
more definite statement, plaintiffs filed a motion to stay the
Order. *See* Docket No. 462.  In their motion, the plaintiffs
again asked the Court to reconsider its denials of plaintiffs'
discovery requests.  The Court denied plaintiffs' motions to
stay and to reconsider its February 17 Order, and ordered that:

> Plaintiffs shall file a sixth amended complaint, in
> accordance with the Court's instructions in its
> February 17, 2011 minute order, by no later than July
> 11, 2011.  In the event that plaintiffs again fail to
> comply with the Court's minute order of February 17,
> 2011, the matter shall be dismissed.

June 29, 2011 Minute Order (emphasis added).

## B. Sixth Amended Complaint

In response to the Court's Order, plaintiffs filed a sixth
amended complaint on July 11, 2011.  Docket No. 468.  The sixth
amended complaint, which is 39 pages long and is accompanied by
238 pages of attachments, largely mirrors the narrative,
argumentative style of plaintiffs' fourth and fifth amended
complaints.  The complaint contains class allegations that refer
to "plaintiffs" collectively, in addition to legal argument.
The names of only two plaintiffs appear in the text of the
complaint itself, and are not accompanied by short and plain

statements of either of the two plaintiffs' claims of discrimination.  *Id*. ¶¶ 38, 100.

On the first page of the complaint, plaintiffs direct the reader, via footnote, to various attachments that plaintiffs seek to incorporate by reference into the complaint.  *Id*. at 1 n.1.  The attachments to the complaint include the 188-page interrogatory responses from 1993 that were attached to the fifth amended complaint.  Plaintiffs have also attached what appear to be questionnaires filled out by the plaintiffs, and a several-page purported summary of the claims, which plaintiffs allege is based on the 1993 interrogatory responses.  Plaintiffs contend that these attachments specify the events underlying their claims of discrimination and were prepared "in accordance with" the Court's orders for a more definite statement.  *See* id. at 1 n.1.

Many of the statements in the attached summary are incoherent.  For example, with respect to plaintiff Roger Carroll, the summary states:

> Employees ae not Competitive, wrongful failure to pr0mote (Quoting Comptroller General) Because supervisor's fear losing bonuses by proving Boss is wrong (Pg. 28, 40) **Details of How Bonuses Flow from Bosses Decision that "Older people not as competitive (whatever that means)"** As the younger staff"

Exhibit 7 to Sixth A. Compl., Docket No. 469-2 (emphasis and typographical errors in original).  With respect to Dr. James

Cantwell, the summary states: "Performed Exceptionally from 1989
to 1992, ratings Fully Successful, under-reported actual
performance File contains exceptional and outstanding reports
from Congressional offices in which he served (Doc. Evidence In
his File support these allegations)." *Id*. at 3 (typographical
errors in original).  Several of the entries do set forth some
basic, vague facts that appear to relate to the plaintiffs'
claims.  For example, with respect to Sandra Thibault, the
summary states: "About 1986 I began to apply for PEMD positions
every year and every year I was turned down for younger, more
recent hires." *Id*. at 1.  With respect to Dr. Chennareddy, the
summary states: "Downgrading in Ratings and Failure to Promote
Beginning in 1982 and in every year thereafter until He retired
in 2006.  Chennareddy was equally or more qualified than all
selectees for each position." *Id*. (typographical errors in
original).  The summary does not state that any of the
plaintiffs were members of a protected class and the summary
does not set forth any specific dates of adverse employment
actions.

Defendant moved again for a more definite statement or, in
the alternative, to dismiss or strike the complaint for failure
to comply with the Court's prior orders and with Rule 8.  Def.'s
Mot. for More Definite Statement and to Dismiss/Strike (Def.'s
Br.), Docket No. 471.  Defendant argues that the sixth amended

complaint still "utterly fails" to identify the specific claims
brought by each of the twelve plaintiffs against the GAO or the
factual basis for those claims.  *Id*. at 1.  Defendant contends
that plaintiffs' failure to set forth its claims has forced the
GAO to expend significant amounts of resources and time simply
trying to determine what, exactly, is at issue in this case.
*Id*.  Defendant also argues that plaintiffs' attachment of
various exhibits, including interrogatory answers, fails to meet
the requirements of Rule 8, which requires that the short and
plain statement of the claim be included in the complaint.  *Id*.
at 10-11.

In their opposition to defendant's motion to dismiss,
plaintiffs argue in a conclusory fashion that Rule 8 does not
require "intricately detailed factual allegations," and that the
sixth amended complaint gives defendant "full notice ... of the
systematic disparate treatment and/or systematic adverse impact
claims of the plaintiffs and the Class."  Pl.'s Opp. and Cross-
Motion ("Pl.'s Br.") at 3-4.  Plaintiffs also state that the 238
pages of evidentiary exhibits "contain, in sum, all that is
presently known" about the alleged discrimination.  *Id*. at 1-2.
Plaintiffs appear to argue that because these documents include
all of plaintiffs' evidentiary evidence, that the attachment of
those documents to the complaint will satisfy Rule 8 and the
Court's prior orders.  *See id*.  In the remaining portion of

their cross-motion, plaintiffs argue that they should not be required to set forth their claims with any further specificity until their requests for discovery of the GAO's purported electronic database are granted. *Id*. at 4-5. Plaintiffs then summarize the history of "discovery abuses" they allege have occurred in this case, followed by a summary of the class allegations that appear in the complaint. *Id*. at 5-9. These motions are ripe for determination by the Court.

## II.  LEGAL FRAMEWORK

### A. Rule 12(e)

Rule 12(e) provides a specific mechanism for striking a complaint (which, if stricken as a whole, has the effect of dismissing the action) in the context of orders for a more definite statement. Fed. R. Civ. P. 12(e) ("If the court orders a more definite statement and the order is not obeyed . . . the court may strike the pleading or issue any other appropriate order.").

> A party must comply with a district court order granting a motion for a more definite statement under Federal Rule 12(e) or run the risk of possible sanctions.  To comply, the party must submit an amended pleading <u>containing sufficient detail to satisfy the court's direction</u> and to meet the opponent's valid objections to the earlier pleading . . . . The court should strike an indefinite pleading without leave to replead only when the judge is satisfied that the pleader cannot or will not serve a pleading that will enable the opposing party to respond.

5 Charles Alan Wright & Arthur R. Miller, Federal Practice and
Procedure § 1379 (3d ed. 1998) (emphasis added); *see also*
*Shallal v. Gates*, 254 F.R.D. 140, 142-43 (D.D.C. 2008) (striking
complaint for failure to comply with court's prior Rule 12(e)
order for more definite statement where amended complaint
remained incoherent and attached voluminous exhibits); *McHenry
v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming
dismissal of "argumentative" and "prolix" third amended
complaint for failure to comply with Rule 8 and the Court's
prior orders under Rule 12(e) for a more definite statement,
because complaint still failed to provide "short and plain
statement" that was "simple, concise and direct" under Rules
8(a) and (e)).

   **B. Rule 8**

      Federal Rule of Civil Procedure 8(a)(2) provides that any
pleading asserting a claim for relief must include a "short and
plain statement of the claim showing that the pleader is
entitled to relief."  Fed. R. Civ. P. 8(a)(2).

> The statement should be plain because the principal
> function of pleadings under the Federal Rules is to
> give the adverse party fair notice of the claim
> asserted so as to enable him to answer and prepare for
> trial.  The statement should be short because
> '[u]necessary prolixity in a pleading places an
> unjustified burden on the court and the party who must
> respond to it because they are forced to select the
> relevant material from a mass of verbiage.

*Salahuddin v. Cuomo*, 861 F.2d 40, 41 (2d Cir. 1988) (internal citations omitted) (quoting 5 Wright & Miller, *supra*, § 1281); *see also Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (quoting *Salahuddin*, 861 F.2d at 42); *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) ("The purpose of [Rule 8] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether res judicata is applicable."); 5 Wright & Miller, *supra*, § 1327 ("[L]engthy or numerous exhibits containing extraneous or evidentiary material should not be attached to the pleadings.").  Moreover, Rule 8(d)(1) requires the allegations supporting a claim to be "simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  "Taken together," these rules "underscore the emphasis placed on clarity and brevity by the federal pleading rules."  *Ciralski*, 355 F.3d at 669 (citations omitted).  Their enforcement is "largely a matter for the trial court's discretion."  *Id.* (citation omitted).  "[I]n some circumstances, if a party fails or refuses to file an amended or simplified pleading or does not exercise good faith in purporting to do so, the severe sanction of a dismissal on the merits may be warranted."  5 Wright & Miller, *supra*, § 1217; *see Shallal*, 254 F.R.D. at 143 (noting that the "unusual remedy" of striking a complaint and dismissing an action for failure to comply with a court order is warranted

14

where a complaint, despite multiple attempts to amend,
repeatedly fails to comply with the Federal Rules).

## C. Motion for Reconsideration

A district court may revise its own interlocutory rulings
"at any time before the entry of judgment adjudicating all the
claims and all the parties' rights and liabilities." Fed. R.
Civ. P. 54(b). The standard of review for interlocutory orders
differs from the standard of review for final judgment under
Federal Rules of Civil Procedure 59(e) and 60. *See, e.g.*,
*Campbell v. Dep't of Justice*, 231 F. Supp. 2d 1, 7 (D.D.C.
2002). The primary reasons for amending an interlocutory ruling
pursuant to Rule 59(e) are "an intervening change of controlling
law, the availability of new evidence, or the need to correct a
clear error or prevent manifest injustice." *Firestone v.
Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal
quotation omitted). The Court may reconsider any interlocutory
ruling "as justice requires." *Childers v. Slater*, 197 F.R.D.
185, 190 (D.D.C. 2000) (quoting Fed. R. Civ. P. 60(b) Advisory
Comm. Notes). Motions for reconsideration "are not simply an
opportunity to reargue facts and theories upon which a court has
already ruled." *Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C.
2006) (internal quotations omitted).

## III. DISCUSSION

### A. Dismissal of the Action Pursuant to Rule 12(e)

The GAO urges this Court to strike plaintiffs' sixth amended complaint and dismiss the action in light of the plaintiffs' continued failure to comply with the Court's Orders and the Federal Rules of Civil Procedure.  Plaintiffs disagree, claiming that their voluminous complaint complies with the Court's Orders and the Federal Rules because it purports to include all of the evidence that is currently known in the case, and that their claims should not be dismissed because they have been denied various requests for discovery.  The Court agrees with defendant, and will strike the sixth amended complaint and dismiss the action with prejudice as a result of plaintiffs' persistent, inexplicable failure to comply with the Court's Orders and the Federal Rules.

The Court finds the decision in *Shallal v. Gates* particularly instructive.  In that case, the Court struck a complaint and dismissed the action with prejudice after the Court had previously granted a motion for a more definite statement and given plaintiff two opportunities to file a coherent complaint.  254 F.R.D. at 141-42.  The amended complaint had "ballooned to fifty-six pages," contained "pages of unnecessary, vague and ambiguous information," including pages of irrelevant class allegations, and contained

16

supplemental documents, including a bullet point "affidavit" that purported to set forth the support for several claims. *Id*. at 142-43.  The Court found that the amended complaint failed to comply with the Court's prior 12(e) order for a more definite statement and also failed to comply with Rule 8(d)(1). *Id*.  The Court noted that "[i]t is not the Court's job to wade through pages of incoherent gobbeldy-gook in search of a single claim that may have merit." Id. at 143 n.6.  The Court struck the complaint pursuant to Rule 12(e) for failure to comply with the Court's prior orders and Rule 8(d), and dismissed the action with prejudice. *Id*. at 144.

Over the twenty-four year pendency of this case, plaintiffs have had ample opportunity to clarify and refine their specific claims.  Indeed, in the last four years, this Court has specifically ordered plaintiffs to do so three times, providing plaintiffs with guidance as to how to properly plead a claim under the Federal Rules.  Despite the Court's orders to include the factual basis for each plaintiff's claims in the complaint pursuant to the Federal Rules, plaintiffs have failed to do so. Instead, plaintiffs continue to re-file complaints that contain only class claims, set forth no specific facts as to any plaintiff's claims in the complaint, and attach voluminous evidentiary exhibits.  The names of only two plaintiffs appear within the text of the sixth amended complaint, and they are not

17

accompanied by any facts that are sufficient to state a claim
for either plaintiff.  Dismissal is therefore proper under Rule
12(e), which states that "[i]f the court orders a more definite
statement and the order is not obeyed . . . the court may strike
the pleading or issue any other appropriate order."  *See* Fed. R.
Civ. P. 12(e); *Shallal*, 254 F.R.D. at 141-42.

Underlying the Court's decision today is the Court's
finding that the sixth amended complaint still fails to comply
with Rule 8.  The complaint's vague, narrative style,
argumentative assertions about discovery violations, and
voluminous evidentiary attachments fail to provide a "short and
plain statement" that is "simple, concise, and direct."  Fed. R.
Civ. P. 8(a), 8(d); *see Nichols v. Holder*, --- F. Supp. 2d ----,
2011 WL 6198343, *3-4 (D.D.C. Dec. 14, 2011) (dismissing
plaintiff's initial complaint without prejudice because it
contained 385 paragraphs over 140 pages, was "prolix, redundant,
[and] bloated with unnecessary detail," and fell short of
meeting Rule 8(d)'s requirement for "simple, concise, and direct
allegations.").

Here, as in *Shallal*, the Court finds that plaintiffs'
complaint and exhibits utterly fail to provide a "short and
plain statement" that is "simple, concise, and direct" under

Rules 8(a) and 8(d).[6]  Indeed, it is because of this lack of clarity and brevity that the Court is unable to determine whether there are sufficient facts to state a claim for relief for each of the twelve plaintiffs.  It is counsel's responsibility, not the Court's, to organize that information prior to the filing of a complaint into the "clear and concise" statements required by the Rules.

Finally, in light of plaintiffs' persistent failure to obey the Court's Orders, the Court is not persuaded that there are any further orders or lesser sanctions that would result in plaintiffs' filing of a complaint that complies with the Federal Rules.  The Court finds this to be particularly true where, as here, plaintiffs are represented by counsel.  Accordingly, defendant's motion to strike plaintiffs' sixth amended complaint

---

[6]      The Court's decision today does not rest on whether plaintiffs have stated a claim under the ADEA, although the Court does find that no such claims exist within the text of the complaint.  Rather, the Court declines to reach this issue because of plaintiffs' failure to satisfy the requirement in Rule 8(a) and 8(d) that a complaint provide a "short and plain statement" that is "simple, concise, and direct" and for plaintiffs' failure to comply with the Court's prior orders. *See Shallal*, 254 F.R.D. at 143; *McHenry*, 84 F.3d at 1179 ("The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit . . . . [Rule 8], requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6).")(citing prior version of Rule 8) (citations omitted).

pursuant to Rule 12(e) is **GRANTED** and the case will be **DISMISSED** with prejudice.[7]

## B. Motion for Reconsideration

In response to defendant's motion for a more definite statement or to dismiss or strike, plaintiffs filed a cross-motion for reconsideration of "Discovery Denials for years since approximately 1993, for correction of erroneous and omitted discovery for years between 1983 and 1993, and for an Order requiring production of withheld electronic personnel database

---

[7] Dismissal would also be proper under Rule 41(b). Rule 41(b) provides that "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990) (factors to consider when ascertaining if dismissal under Rule 41(b), rather than lesser sanctions, would be proper include "the effect of the plaintiff's dilatory or contumacious conduct on the court's docket, whether the plaintiff's behavior has prejudiced the defendant, and whether deterrence is necessary to protect the integrity of the judicial system"); *Stella v. Mineta*, 231 F.R.D. 44, 49 (D.D.C. 2005) (dismissing action under Rule 41(b) to protect integrity of court where plaintiff failed to comply with six of the court's orders regarding filing deadlines and Local Rule 7(h), and plaintiff's failure to comply had prejudiced the defendants and unnecessarily consumed the court's time); *see also Klayman v. Judicial Watch, Inc.*, 802 F. Supp. 2d 137 (D.D.C. 2011). In particular, the Court finds that plaintiffs' failure to comply with the Federal Rules and the Court's orders has required the Court and defendant to expend significant effort evaluating plaintiffs' successive failed attempts at amending their complaint. With respect to the element of the effect on the integrity of the Court, the Court finds that dismissal is particularly justified here, where plaintiffs have been explicitly warned by the Court that their failure to comply with the Court's February 17, 2011 Order would result in the dismissal of the case.

records, and for a plenary hearing on this Motion along with the
Defendant's Motion for a More Definite Statement." *See* Docket
No. 475.  Plaintiffs fail to indicate in their cross-motion for
reconsideration exactly which orders they seek to have the Court
reconsider, but the Court notes that it has issued at least five
orders denying discovery in the last four years alone. *See,
e.g.*, June 29, 2011 Minute Order (denying plaintiffs' motion to
stay order directing plaintiffs to file sixth amended complaint
to allow plaintiffs opportunity to obtain discovery of purported
GAO electronic database); July 22, 2010 Order, Docket No. 461,
at 9 (denying plaintiffs' motion for reconsideration of order
denying plaintiffs' request for discovery of GAO electronic
database, and denying discovery on the merits generally until
plaintiffs file a complaint that complies with the Federal Rules
of Civil Procedure); Dec. 18, 2009 Op., Docket No. 433, at 33
(affirming magistrate judge's order granting defendant's motion
for more definite statement and rejecting plaintiffs' argument
that they should not be required to submit a more definite
statement until they are given access to the GAO's electronic
personnel files); December 17, 2008 Minute Order (denying
plaintiffs' motion for hearing on allegedly withheld evidence);
July 16, 2008 Minute Order (affirming magistrate judge's denial
of plaintiffs' requests for discovery of electronic databases
and otherwise in support of their motion to intervene).

Plaintiffs' cross-motion for reconsideration consists of "little more than a rehash" of the arguments previously argued by plaintiffs and rejected by the Court. *Black*, 235 F.R.D. at 533. Plaintiffs have identified no "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone*, 76 F.3d at 1208 (internal quotation omitted). Instead, plaintiffs merely assert their continuing disagreement with the Court's prior orders. As the Court made clear in its December 18, 2009 Opinion, granting plaintiffs' various requests for discovery on the merits "would permit plaintiffs to bypass the pleading stage of litigation entirely, sanctioning an approach under which plaintiffs could simply allege that information held by defendant would prove their claims without actually stating what those claims are in the short and plain statement required by Rule 8(a)." Dec. 18, 2009 Op. at 33. Indeed, as the Court explained then, "[b]y focusing so extensively on the purported 'database' and the agency's allegedly wrongful withholding thereof, plaintiffs have lost sight of the pleading standards set forth in Rule 8, [and] the role of Rule 12 in permitting a defendant to test the legal sufficiency of a plaintiff's complaint." *Id*. at 31. Accordingly, plaintiffs' cross-motion for reconsideration of discovery denials is hereby **DENIED**.

**IV.   CONCLUSION**

For the foregoing reasons, plaintiffs' cross-motion for reconsideration of discovery denials is **DENIED**.  Defendant's motion to strike plaintiffs' sixth amended complaint is **GRANTED**, and plaintiffs' sixth amended complaint is hereby **DISMISSED** with prejudice.  An appropriate order accompanies this Memorandum Opinion.

It is so **ORDERED**.

**Signed:      Emmet G. Sullivan**
**United States District Judge**
**March 30, 2012**